|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| CHRISTOPHER PEREZ, | ) Case No.: 1:25-cv-0162 JLT HBK |
|---|---|
| Plaintiff, | ) ORDER CONSTRUING PLAINTIFF'S |
|  | ) OBJECTIONS AS A MOTION FOR |
| v. | ) RECONSIDERATION UNDER RULE 59 AND |
|  | ) DENYING RECONSIDERATION |
| CPL. BECK, et al., | ) |
|  | ) (Doc. 20) |
| Defendants. | ) |
|  | ) |

Christopher Perez seeks to hold the defendants liable for violations of his civil rights at Madera County Jail.  (*See generally* Doc. 17.)  The magistrate judge screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim under federal law.  (*Id.* at 4-10.)  The magistrate judge found that further leave to amend would be futile because the Court previously provided the applicable legal standards and Plaintiff failed to cure the pleading deficiencies.  (*Id.* at 11.)   The magistrate judge observed that Plaintiff also "stated claims of negligence throughout his complaint" and recommended the Court decline to exercise supplemental jurisdiction over the claims under state law.  (*Id.*)  After the deadline for filing objections expired, the Court performed a *de novo* review, adopted the Findings and Recommendations in full, and dismissed the action on September 4, 2025. (Docs. 18, 19.)

Following the entry of judgment, the Court received Plaintiff's objections to the Findings and Recommendations, which were dated after the deadline to for Plaintiff to submit the filing to prison officials for mailing.  (Doc. 20.)  Accordingly, the Court construes the untimely objections as a motion

for reconsideration under Rule 59 of the Federal Rules of Civil Procedure.

Rule 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).

Plaintiff does not identify allegations in the SAC that support a conclusion that he states a cognizable claim. Plaintiff does not identify new facts for the Court to consider, which would support a conclusion that he could cure the deficiencies identified related to his claims under federal law. Finally, Plaintiff does not dispute the determination that the Court should not exercise jurisdiction over the claims for negligence arising under state law. Ultimately, Plaintiff fails to identify any newly discovered evidence, show the Court committed a clear error in evaluating the allegations in his SAC, or argue an intervening change in controlling law necessitates an amendment of the Court's order. Consequently, Plaintiff fails to show reconsideration is warranted.  *See Wood*, 759 F.3d at 1121.

Based upon the foregoing, the Court **ORDERS**: Plaintiff's objections, construed as motion under Rule 59(e) to alter or amend judgment (Doc. 20) is **DENIED**.  The action shall remain closed.

IT IS SO ORDERED.

Dated:   **September 12, 2025**

UNITED STATES DISTRICT JUDGE